UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **BILL BURGRAFF, Individually and On Behalf of All Others Similar Situated,** | : : : | Case No. 2:10-cv-00253 |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| | : | **District Judge: Curtis L. Collier** |
| v. | : : | **Magistrate Judge: Susan K. Lee** |
| **GREEN BANKSHARES, INC., JAMES E. ADAMS, STEPHEN M. ROWND, and R. STAN PUCKETT,** | : : : : | |
| Defendants. | : : | |
| | : | Case No. 2:11-cv-14 |
| **BRIAN MOLNAR, Individually and On Behalf of All Others Similar Situated,** | : : : | CLASS ACTION |
| Plaintiff, | : : | Judge _____ |
| v. | : : : | |
| **GREEN BANKSHARES, INC., R. STAN PUCKETT, STEPHEN M. ROWND, JAMES E. ADAMS, and KENNETH R. VAUGHT** | : : : : : | |
| Defendants. | : : | |

**MOTION FOR CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT OF BRIAN MOLNAR, ALLISON ONEAL, DOUGLAS J. PEEK II,
AND JENNY PEEK AS LEAD PLAINTIFFS, AND APPOINTMENT OF LEAD
COUNSEL; MEMORANDUM OF LAW IN SUPPORT**

Plaintiff, Brian Molnar and Class members Allison Oneal, Douglas J. Peek II, and Jenny Peek (collectively, the "Movants") hereby move this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order: (1)

1

appointing Movants Lead Plaintiffs on behalf of themselves and all others similarly situated who purchased or otherwise acquired the common stock of Green Bankshares, Inc. ("Green Bankshares" or the "Company") between January 19, 2010 and October 20, 2010, inclusive (the "Class Period"); (2) the appointment of the law firms of Barrett Law Group, P.A., Statman, Harris & Eyrich, LLC, and Strauss & Troy, LPA as Co-Lead Counsel; and (3) the consolidation of all related actions.

Movants believe that they are the most adequate prospective lead plaintiffs, having suffered the greatest financial loss among the Class members seeking appointment as lead plaintiff. In addition, Movants satisfy the requirements of Federal Rule of Civil Procedure 23 because their claims are typical of the claims of other Class members, and they will fairly and adequately represent the Class. Movants have also selected and retained law firms with substantial experience in prosecuting class actions and other complex litigation to serve as Co-Lead Counsel. This Motion is supported by the accompanying Memorandum of Law below, the Declaration of Jeffrey P. Harris, the Lead Plaintiff's Certifications executed by each of the Movants (attached to the Declaration of Jeffrey P. Harris as Exhibit 1), and such other written or oral argument as may be presented to the Court.

DATED: January 18, 2011                    Respectfully submitted,

                                                            **BARRETT LAW GROUP, P.A.**

                                                            *s/Don Barrett*
                                                            Don Barrett (#2063)
                                                            404 Court Square North
                                                            P.O. Box 927
                                                           Lexington, Mississippi 39095
                                                           Phone: (662) 834-2488
                                                           Facsimile: (662) 834-2628
                                                           dbarrett@barrettlawgroup.com

Charles F. Barrett
6518 Highway 100
Suite 210
Nashville, TN 37205
Phone: (615) 515-3393
Facsimile: (615) 515-3395
charles@cfbfirm.com


**STATMAN, HARRIS & EYRICH, LLC**
Jeffrey P. Harris
Melinda S. Nenning
3700 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202
Phone: (513) 621-2666
Facsimile: (513) 621-4896
jharris@statmanharris.com
mnenning@statmanharris.com


**STRAUSS & TROY, LPA**
Richard S. Wayne
Thomas P. Glass
Nicolas D. Wayne
150 E. Fourth Street
Cincinnati, Ohio 45202-4018
Phone: (513) 621-2120
Facsimile: (513) 629-9426
rswayne@strausstroy.com
tpglass@strausstroy.com
ndwayne@strausstroy.com

*Attorneys for Plaintiff Brian Molnar and Class Members Allison Oneal, Douglas Peek II, and Jenny Peek*

## MEMORANDUM OF LAW

### I. INTRODUCTION

Movants submit this Memorandum in support of their Motion (the "Motion") made pursuant to Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), for the entry of an Order: (1) appointing Movants as Lead Plaintiffs in this action; (2) approving Movants' selection of the law firms of Barrett Law Group, P.A. ("Barrett Law Group"), Statman Harris & Eyrich, LLC ("Statman Harris"), and Strauss & Troy, LPA ("Strauss & Troy") to serve as Co-Lead Counsel; and (3) the consolidation of all related actions.

Movants' Motion should be granted. As demonstrated below, the Motion is timely, as it is filed within 60 days of the first published notice of this class action litigation against Defendants. Furthermore, Movants believe they are the "most adequate plaintiff" within the meaning of the PSLRA because they have the largest financial interest of any lead plaintiff movant in the relief sought by the proposed Class, and otherwise meet the requirements of Federal Rule of Civil Procedure 23. Movants' selection of Barrett Law Group, Statman Harris and Strauss & Troy as Co-Lead Counsel should also be approved, as each of the firms has substantial experience prosecuting class action litigation. Finally, all related securities litigation currently pending against Defendants (the "Related Actions") should be consolidated pursuant to Federal Rule of Civil Procedure 42(a) since consolidation is appropriate if, as here, there are common questions of law and fact and the parties will not be prejudiced.

### II. SUMMARY OF THE ALLEGATIONS AGAINST DEFENDANTS

Green Bankshares is the bank holding company for GreenBank, a Tennessee-chartered commercial bank that conducts the principal business of the Company, and is the third largest bank holding company headquartered in Tennessee. The Company and GreenBank maintain

their main offices in Greeneville, Tennessee, and GreenBank maintains 64 full-service bank branches primarily in East and Middle Tennessee. In addition to its commercial banking operations, the Company describes itself as offering a range of deposit products and loan products, including commercial real estate loans; residential real estate loans, such as one-to-four family, owner-occupied residential mortgage loans; commercial loans for various business purposes, including working capital, inventory and equipment, and capital expansion; and consumer loans for personal, family, or household purposes. The Company's principal place of business is 100 North Main Street, Greeneville, Tennessee 37743-4992.

Plaintiff's Complaint alleges that Green Bankshares and certain of its officers and directors violated the Exchange Act. The Complaint alleges that during the Class Period, Defendants made false and/or misleading statements and failed to disclose material adverse facts about the Company's business, including (1) that the Company was overvaluing the collateral of certain loans above appropriate market values; (2) that, as such, the Company was failing to timely take impairment charges to reduce the carrying values of certain loans to the appropriate market values; (3) that the Company failed to properly account for loan charge-offs and reported loan charge-offs which were significantly less than the amount that should have been charged off; (4) that the Company lacked adequate internal and financial controls; and (5) that, as such, the Company's financial results were materially false and misleading at all relevant times.

These misrepresentations and omissions served to artificially inflate the price of Green Bankshares securities during the Class Period. After the Company shocked the market on October 20, 2010 by announcing that it had engaged an independent third-party loan reviewer to review the Company's loan portfolio, and that the Company's net loan charge-offs increased on a sequential basis to total $36.549 million for third quarter 2010, Green Bankshares stock

5

plummeted $2.79 per share to close at $3.68 per share on October 21, 2010, a one-day decline of 43.1% on volume of 1,355,100 shares (over 17 times the average three-month daily volume). As a result, Movants and other members of the Class suffered substantial losses.

## III. MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

Movants should be appointed Lead Plaintiffs because they have complied with all of the PSLRA's requirements, have demonstrated the largest financial interest in this litigation, and otherwise meet the requirements of Federal Rule of Civil Procedure 23.

### A. The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure governing the appointment of lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B). Specifically, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class-
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Section 21D(a)(3)(B)(i) directs the court to consider any motions made by a purported class member in response to any such notice by no later than 90 days after the date of publication of the aforementioned notice. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Under this section, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the "most

adequate plaintiff," which the PSLRA defines as "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). As part of the court's adequacy determination, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the one that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Once the court has identified the most adequate plaintiff, the presumption may only be rebutted by proof from a class member that the "most adequate plaintiff" (1) will not fairly and adequately protect the interests of the class or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B.  Movants Have Satisfied The PSLRA Requirements And Should Be Appointed Lead Plaintiffs

Movants should be appointed Lead Plaintiffs because they have satisfied all of the PSLRA's requirements, are believed to have the largest financial interest in this litigation, and otherwise meet the relevant requirements of Federal Rule of Civil Procedure 23.

#### 1.  The Notice Requirements Under The PSLRA Have Been Satisfied

The notice requirements set forth in the PSLRA have been satisfied. On November 18, 2010, counsel for Bill Burgraff, a plaintiff in a Related Action, caused a notice to be published that advised purchasers of Green Bankshares securities of (i) the pendency of a securities class

7
Case 2:10-cv-00253   Document 22   Filed 01/18/11   Page 7 of 17   PageID #: 95

action against Defendants; (ii) the claims asserted; (iii) the purported class period in that Related Action; and (iv) the right of any member of the purported class to move the court to serve as lead plaintiff within the 60-day period.[1] *Cf. In re Nice Sys. Sec. Litig.*, 188 F.R.D. 206, 216 (D.N.J. 1999); *In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 413 (D.N.J. 1998); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-63 (D. Mass. 1996). On December 23, 2010, counsel for Burgraff caused a notice to be published that clarified that the deadline for purported class members to move the Court to serve as lead plaintiff was January 18, 2011.[2] The instant Motion was filed on January 18, 2011 and is therefore timely. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

### 2. **Movants Have The Largest Financial Interest In The Relief Sought By The Class**

The PSLRA instructs the court to adopt a rebuttable presumption that the "most adequate plaintiff" for appointment as lead plaintiff is the entity or group of persons that has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Courts in this Circuit generally consider four factors when determining which lead plaintiff movant has the largest financial interest: (i) the number of shares purchased; (ii) the number of net shares purchased; (iii) the total net funds expended; and (iv) the approximate loss suffered. *In re Regions Morgan Keegan Closed-End Fund Litig.*, Case No. 07-02830, MDL 2009, 2010 U.S. Dist. LEXIS 132902, *13-*14 (W.D. Tenn. 2010); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 303 (S.D. Ohio 2005); *In re Concord EFS, Inc. Sec. Litig.*, No. 02-2697, slip op. at 5 (W.D. Tenn. Dec. 2, 2002). In applying this test, the court must consider only transactions that took place within the defined class period. *In re Cardinal Health*, 226 F.R.D. at 303. For the purposes of this Motion, Movants adopt the longest class period involved in the

---

[1] A copy of the November 18, 2010 press release is attached as Exhibit 2 to the Declaration of Jeffrey P. Harris in Support of the Motion (the "Harris Declaration").
[2] A copy of the December 23, 2010 press release is attached as Exhibit 3 to the Harris Declaration.

Related Actions. The Class Period in the Related Action captioned *Burgraff v. Green Bankshares, Inc. et al.*, (2:10-cv-00253), is January 19, 2010 through November 9, 2010, while the Class Period in the instant action is January 19, 2010 through October 20, 2010. Movants anticipate that there may be typicality issues raised with regard to Burgraff's longer alleged class period, as there may be questions raised about a causal connection between Defendants' alleged fraud and Burgraff's losses between October 21, 2010 and November 9, 2010. In any event, using either Movants' shorter or Burgraff's longer class period to determine total financial losses leads to the conclusion that Movants have the largest financial interest in this litigation. In the event Movants are appointed Lead Plaintiffs, the class period issue will be addressed upon the filing of an amended complaint.

The Court has discretion in deciding the calculation method to employ when computing these amounts, *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 623-24 (E.D. Wis. 2009), but any method it may choose must be "both rational and consistently applied." *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002). The PSLRA does not specify a preferred accounting method. *Plumbers & Pipefitters Local 562*, 256 F.R.D. at 623.

District Courts within this Circuit also approve of the aggregation of claims such in order to determine the largest financial interest. *In re Regions Morgan Keegan*, 2010 U.S. Dist. LEXIS 132902 at *40-*42. "The text of the PSLRA explicitly permits the appointment of a group as lead plaintiff: '[T]he court . . . shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of representing the interests of class members.'" *Id*. (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). Following this explicit statutory language, a court may appoint a group of plaintiffs to serve together as lead plaintiff if

they demonstrate that they can perform the active supervisory role the PSLRA envisions. *Id*. *See also In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) (noting that the PSLRA "contains no requirement mandating that the members of a proper group be 'related' in some manner" and disapproving of *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 811-16 (N.D. Ohio 1999)); *In re Cardinal Health*, 226 F.R.D. at 307 (finding that most courts examine groups on a case-by-case basis).

Movants have demonstrated that they can more than adequately supervise and participate in the litigation of this action. Movants' group has four members, less than the maximum number recommended by the SEC. *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 224 (D.D.C. 1999) (indicating that a lead plaintiff group should have no more than three to five members). Each of the Movants has a substantial stake in the litigation and will actively participate in the management of the case. *Id*. at 223-24; *see also In re Cendant*, 264 F.3d at 266-67; *In re Cardinal Health*, 226 F.R.D. at 307. As demonstrated below, Movants meets the adequacy and typicality requirements of Federal Rule of Civil Procedure 23. Movants have spoken with each other outside the presence of counsel and have established common goals for the litigation and a litigation strategy. Movants' selection of experienced counsel to prosecute this action confirms their ability to work together to make wise decisions. Movants' group is more than adequate to serve as Lead Plaintiffs in this action.

Movants believe that they have "the largest financial interest in the relief sought by the class" within the meaning of the PSLRA. According to the information provided in their Certifications (*see* Harris Declaration, Exhibit 1), using the shorter class period, Movants have sustained an estimated total loss of $12,472.56 and, using the longer class period, Movants'

damages total $14,812.44.[3]  During the Class Period, Movants purchased 3,498 shares of the Company's stock at a total price of $25,345.20.  Movants are presently unaware of any Class member with a larger financial interest in the outcome of this litigation.

### 3. Movants Satisfy The Other Requirements Of The PSLRA

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B).  Rule 23(a) provides that an action may be certified as a class action only if the following requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy").  *See* Fed. R. Civ. P. 23(a).

Only Rule 23's typicality and adequacy requirements are relevant when determining lead plaintiff motions.  *In re Cardinal Health*, 226 F.R.D. at 304-05.  Of the four prerequisites for class certification, only typicality and adequacy directly address the personal characteristics of the class representative.  *In re Cendant*, 264 F.3d at 264.  As such, the court may limit its inquiry to the typicality and adequacy prongs of Rule 23(a) -- those that directly address the personal characteristics of the class representative -- and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *Id.*

As set forth below, Movants satisfy both the typicality and adequacy requirements of Rule 23.

---

[3] These calculations are solely for purposes of this Motion and are not meant to represent the amount of, or method of, calculation of damages Movants may present at trial.

### i. Movants' Claims Are Typical Of The Class

Movants meet the typicality requirements of Rule 23(a)(3). Rule 23(a)(3) provides that the claims or defenses of the representative parties must be typical of those of the class. *See* Fed. R. Civ. P. 23(a)(3). Typicality is satisfied when the lead plaintiff has suffered the same or similar injuries as the absent class members, as a result of the same course of conduct by defendants, and its claims are based on the same legal issues. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996) ("[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."). However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 404 (M.D. Tenn. 1996) (typicality may be satisfied "even if there are factual distinctions between the named plaintiffs and those of other class members").

Here, the claims asserted by Movants are typical, if not identical, to the potential claims of other Class members. Like all Class members, Movants suffered damages from purchases of Green Bankshares securities that took place during the Class Period while Defendants made false and misleading representations concerning the Company in violation of the Exchange Act. Thus, Movants' claims are typical of those of other Class members.

### ii. Movants Will Fairly And Adequately Represent The Interests Of The Class

Movants also satisfy the adequacy requirement of Federal Rule of Civil Procedure 23. Under Rule 23, the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To demonstrate adequacy, a potential lead plaintiff must demonstrate that it has both the ability and the incentive to represent the class's claims aggressively. *In re Regions Morgan Keegan*, 2010 U.S. Dist. LEXIS 132902 at *18; *In re*

*Cendant*, 264 F.3d at 265. In the Sixth Circuit, adequacy is determined based on common interests between the lead plaintiff and the class and whether the representative "will vigorously prosecute the interests of the class through qualified counsel." *Craft*, 174 F.R.D. at 405.

As evidenced by Movants' substantial losses resulting from its purchases of the Company's shares during the Class Period, its interests are clearly aligned with the interests of the other members of the Class. There is also no evidence of any antagonism between Movants' interests and those of the other members of the Class. As detailed above, Movants share identical or substantially similar questions of law and fact with the members of the proposed Class and their claims are typical of the members of that Class. In addition, Movants have taken significant steps which demonstrate that they will protect the interests of the Class -- they have retained competent and experienced counsel to prosecute these claims and to further investigate the facts giving rise to this action. As shown below, Movants' proposed Co-Lead Counsel are highly qualified and experienced in the prosecution of class actions involving federal and state securities law claims, and able to successfully conduct this complex litigation in a professional manner. Movants have also submitted certifications to the Court indicating that they are willing to assume the responsibilities of class representatives. All these factors demonstrate that Movants' claims are typical of the claims of the Class within the meaning of Rule 23(a)(3), and that they will fairly and adequately represent the interests of the Class under Rule 23(a)(4).

## IV. MOVANTS' CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should approve Barrett Law Group, Statman Harris, and Strauss & Troy as Co-Lead Counsel. These firms have extensive experience in the area of class action

13
Case 2:10-cv-00253 Document 22 Filed 01/18/11 Page 13 of 17 PageID #: 101

litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors (*see* Harris Declaration, Exhibits 4, 5 and 6). Thus, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

Accordingly, the Court should approve Movants' selection of Barrett Law Group, Statman Harris, and Strauss & Troy to serve as Co-Lead Counsel.

## V. THE RELATED ACTIONS SHOULD BE CONSOLIDATED PURSUANT TO RULE 42(A)

District courts have broad discretion under Federal Rule of Civil Procedure 42(a) to consolidate similar actions pending before them. *In re Regions Morgan Keegan*, 2010 U.S. Dist. LEXIS 132902 at *44; *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). In determining whether actions should be consolidated under Rule 42, a court should evaluate the following factors:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id*. (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (6th Cir. 1985)).

The Related Actions present virtually identical factual and legal issues, as they all arise out of the same alleged violation of the federal securities laws. Each action has been filed pursuant to the Exchange Act, involves substantially the same parties, and arises from the same underlying facts and circumstances. Discovery obtained in one lawsuit will undoubtedly be relevant to all others. Consolidation of the Related Actions is thus appropriate as common questions of law and fact predominate in these actions. Fed. R. Civ. P. 42(a). Thus,

consolidation is appropriate here. Accordingly, Movants' motion to consolidate the Related Actions should be granted.

## VI. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court: (1) appoint Movants as Lead Plaintiffs for the Class; (2) approve Movants' selection of the law firms of Barrett Law Group, P.A., Statman Harris & Eyrich, LLC, and Strauss & Troy, LPA to serve as Co-Lead Counsel; and (3) consolidate all of the Related Actions.

DATED: January 18, 2011

Respectfully submitted,

**BARRETT LAW GROUP, P.A.**

*/s/Don Barrett*
Don Barrett (#2063)
404 Court Square North
P.O. Box 927
Lexington, Mississippi 39095
Phone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com

Charles F. Barrett
6518 Highway 100
Suite 210
Nashville, TN 37205
Phone: (615) 515-3393
Facsimile: (615) 515-3395
charles@cfbfirm.com

**STATMAN, HARRIS & EYRICH, LLC**
Jeffrey P. Harris
Melinda S. Nenning
3700 Carew Tower, 441 Vine Street
Cincinnati, Ohio 45202
Phone: (513) 621-2666
Facsimile: (513) 621-4896
jharris@statmanharris.com
mnenning@statmanharris.com

**STRAUSS & TROY, LPA**
Richard S. Wayne
Thomas P. Glass
Nicolas D. Wayne
150 E. Fourth Street
Cincinnati, Ohio 45202-4018
Phone: (513) 621-2120
Facsimile: (513) 629-9426
rswayne@strausstroy.com
tpglass@strausstroy.com
ndwayne@strausstroy.com

*Attorneys for Plaintiff Brian Molnar and Class Members Allison Oneal, Douglas Peek II, and Jenny Peek*

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court this 18th day of January, 2011. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. If a party is not given notice electronically through the Court's system, a copy will be served by ordinary U.S. Mail, first class postage prepaid this 18th day of January, 2011.

>*/s/Don Barrett*
>Don Barrett