UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BILL BURGRAFF, Individually and On Behalf )
of All Others Similarly Situated,           )
                                             )
            Plaintiff,                       )
                                             )   Case No. 2:10-CV-00253
v.                                           )
                                             )   Chief Judge Curtis L. Collier
GREEN BANKSHARES, INC., JAMES E.             )
ADAMS, STEPHEN M. ROWND, and                 )
R. STAN PUCKETT,                             )
                                             )
            Defendants.                      )
_____ )
                                             )
BRIAN MOLNAR, Individually and On Behalf )
of All Others Similarly Situated,            )
                                             )   Case No. 2:11-CV-00014
            Plaintiff,                       )
                                             )   Chief Judge Curtis L. Collier
v.                                           )
                                             )
GREEN BANKSHARES, INC., R. STAN              )
PUCKETT, STEPHEN M. ROWND, JAMES             )
E. ADAMS, and KENNETH R. VAUGHT              )
                                             )
                                             )
            Defendant.                       )


**MEMORANDUM & ORDER**

Before the Court are motions requesting this Court appoint Brian Molnar and class

members Allison Oneal, Douglas J. Peek II, and Jenny Peek (or "Movant Brian Molnar and his co-

movants") as lead plaintiffs of the class (Court File No. 22), or appoint Jeffrey Blomgren (or

"Movant Jeffrey Blomgren") as lead plaintiff of the class (Court File No. 23). For the reasons

stated below, the Court **appoints Movant Jeffrey Blomgren as lead plaintiff** in the consolidated

action listed above.[1]

## I.    FACTUAL BACKGROUND

This consolidated action arises out of a purported class action on behalf of purchasers of

Green Bankshares, Inc. ("GRNB") securities between January 19, 2010 and November 19, 2010.

Members of the class have filed this action under the Securities Exchange Act of 1934 (the

"Exchange Act").

GRNB is the bank holding company for GreenBank (the "Bank"), which provides

commercial banking services in Tennessee.  Class members allege GRNB, along with some of its

high-ranking officers, made false and/or material statements and failed to disclose materially adverse

facts, which led to members of the class purchasing GRNB securities at artificially inflated prices.

Specifically, class members assert Defendants violated Sections 10(b) and 20(a) of the Exchange

Act (Court File No. 1).

Plaintiff Bill Burgraff ("Plaintiff") commenced this action on November 18, 2010 (*id.*).  On

the same day, counsel for Plaintiff published notice of the pending class action.

## II.    APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act ("PSLRA"), which amends the Exchange Act,

provides the procedure for selecting the lead plaintiff in a case such as this one. *See* 15 U.S.C. § 78u-

4. Specifically, this Court must "appoint as lead plaintiff the member or members of the purported

plaintiff class that the court determines to be most capable of adequately representing the interests

---

[1]Unless otherwise stated, all citations are to Case No. 2:10-CV-253.

of the class members," "not later than 90 days after the date on which a notice is published" or "as soon as practicable" after a decision has been made on the issue of consolidation. 15 U.S.C. § 78u-4(a)(3)(B).

There is a "rebuttable presumption" that the most adequate plaintiff to serve as lead plaintiff is the person or group of persons that (1) "has either filed the complaint or made a motion in response to a notice"; (2) "has the largest financial interest in the relief sought by the class"; and (3) "satisfies the requirements of Rule 23 of the Federal rules of Civil Procedure." *Id.* at § 78u-4(a)(3)(B)(iii)(I). Any member of the class may rebut this presumption by proving that the most adequate plaintiff "will not adequately protect the interests of the class" or that it "is subject to unique defenses that render such plaintiff incapable of representing the class." *Id.* at § 78u-4(a)(3)(B)(iii)(II).

Because "there is not any showing here to rebut [the] statutory presumption," and because both Movant Brian Molnar and his co-movants and Movant Jeffrey Blomgren have met the first requirement,[2] the Court will first identify which of the two sets of movants has the largest financial interest. *Garden City Employees' Retirement Sys. v. Psychiatric Solutions, Inc.*, Nos. 3:09-CV-00882, 3:09-01211, 2010 WL 1790763, at *2 (M.D. Tenn. April 30, 2010); *see re Regions Morgan Keegan Closed-End Fund Litigation*, Nos. 07-02830, MDL 2009, 2010 WL 5173851, at *3 (W.D. Tenn. Dec. 15, 2010).

A.    **Largest Financial Interest**

---

[2]Here, Movant Brian Molnar and his co-movants satisfied the first requirement by both filing a timely motion in response to the published notice (Case No. 2:10-CV-253, Court File No. 22; Case No. 2:11-CV-14, Court File No. 3) and by filing a complaint in Case No. 2:10-CV-14 (Court File No. 2). Movant Jeffrey Blomgren satisfied the first requirement by filing a timely motion in response to the publish noticed (Case No. 2:10-CV-253, Court File No. 23).

Presently, "the PSLRA 'provides no definitive method for determining the largest financial interest.'" *Garden City Employees' Retirement Sys. v. Psychiatric Solutions, Inc.*, Nos. 3:09-CV-00882, 3:09-01211, 2010 WL 1790763, at *3 (M.D. Tenn. April 30, 2010) (citing *In re Cardinal Health*, Inc. Securities Litigation, 226 F.R.D. 298, 301 (S.D. Ohio 2005)). Rather, the method used should be determined by the Court. *Id.* Typically, courts have considered (1) the number of shares purchased during the class period, (2) the number of net shares purchased during the class period, (3) "the total net funds expended by the [movant] during the class period; and (4) the amount of loss suffered by the movant. *Id.* (referencing the Manual for Complex Litigation (Fourth) § 13.31 (2004)).[3] Applying those factors to facts presented in the motions at hand, the Court finds Movant Jeffrey Blomgren has the largest financial interest.

### 1. Number of Shares Purchased/Net Number of Shares

According to exhibits provided by Brian Molnar, Allison Oneal, Douglas J. Peek II, and Jenny Peek, these movants collectively purchased 3,498 shares of stock over the course of the class period (Court File No. 22-2). None of these individuals sold any shares of stock during that time (*id*.). In comparison, Movant Jeffrey Blomgren purchased 8,000 shares of stock during the class period (Court File No. 23-5). He also did not sell any of his shares (*id.*).

### 2. Total Net Funds Expended

The exhibits also indicate Brian Molnar, Allison Oneal, Douglas J. Peek II, and Jenny Peek expended $25,345.20 purchasing stock with Green Bankshares, Inc (Court File No. 22-2). Jeffrey

---

[3]For the purpose of these motions, the Court will refer to the class period of January 19, 2010 through November 9, 2010. In the complaint filed in Case No. 2:10-cv-253, the plaintiff defined the class period as January 19, 2010 until November 9, 2010. In the complaint filed in Case No. 2:11-CV-14, the plaintiff identified the class period as taking place from January 19, 2010 through October 20, 2010.

Blomgren paid a total $40,180.00 for his shares (Court File No. 23-5).

### 3.    Amount of Loss

Finally, the Court finds Movant Jeffrey Blomgren suffered the greatest financial loss even though, at first blush, it seems both sets of movants have asserted "functionally equal damages." *See e.g., Garden City Employees' Retirement Sys.,* 2010 WL 1790763, at \*3 (citing *In re Doral Financial Corp. Securities Litigation*, 414 F.Supp.2d 398, 403 (S.D. N.Y. 2006)).    Specifically, Brian Molnar, Allison Oneal, Douglas J. Peek II, and Jenny Peek contend they suffered an estimated loss of $14,812.44 (Court File Nos. 22, 22-2).[4]  In contrast, Jeffrey Blomgren alleges that as a result of Defendants' alleged materially false and misleading statements, he suffered an approximate financial loss of $14,180 (Court File Nos. 23, 23-5).

Nonetheless, upon further review of the exhibits provided by the parties, it is clear to the Court that the movants used very different methods to calculate their estimated losses.[5]  Movant Jeffrey Blomgren calculated his estimated loss by valuing his shares at an average daily price of $3.25 as of January 14, 2011 (Court File No. 23-5).  If he had valued his shares at a price of $2.57 as of November 10, 2010, as did Movant Brian Molnar and his co-movants (Court File No. 22-2), his estimated loss would have been $19,620.00.[6]  If Movant Brian Molnar and his co-movants had

---

[4]Using the shorter class period, the estimated loss would be $12,472.56.

[5]Movant Jeffrey Blomgren calculated his estimated loss by valuing his shares at an average daily price of $3.25 as of January 14, 2011.  If he had valued his shares at a price of $2.57 as of November 10, 2010, as did Movant Brian Molnar and his co-movants (Court File No. 22-2), his estimated loss would have been $19,620.  If Movant Brian Molnar and his co-movants had valued their shares at a daily price of $3.25, their estimated loss would be approximately $13,976.50.

[6]Calculation: 8000 shares X $2.57 = $20,560, or the value of the shares as of November 10, 2010.  If Movant Jeffrey Blomgren paid $40, 180.00 for his shares, then his estimated loss would be $19,620.00 ($40,180.00 - $20,560).

valued their shares at a daily price of $3.25, their estimated loss would be approximately $13,976.50. Therefore, it is clear to the Court, Movant Jeffrey Blomgren actually has suffered a greater financial loss in comparison to the other movants.

**B.** **Rule 23**

In addition to having the largest financial interest in the relief sought by the class, the putative lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Under Rule 23, there are two requirements for establishing lead plaintiff: "(1) 'the claims or defenses of the representative parties are typical of the claims or defenses of the class,' and (2) 'the representative parties will fairly and adequately protect the interests of the class.'" *In re Regions*, 2010 WL 5173851, at *5 (citing Fed. R. Civ. P. 23(a)(3)-(4)). "As the Movant having the largest financial interest, [Jeffrey Blomgren] is subject to an initial assessment under [Rule 23]." *Id.*

1. **Typicality**

A claim is typical under Rule 23 if "it arises from the same event or practice or course that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Beattle v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (citing *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). Here, Movant Jeffrey Blomgren alleges "[D]efendants violated the federal securities laws by disseminating false and misleading statements" (Court File No. 23-1 at 8). In addition, he alleges he "purchased GRNB securities at prices artificially inflated by [D]efendants' misrepresentations and omissions," like all of the other class members (*id.*). Therefore, it seems his claims are typical to the claims of the other class members.

2. **Adequacy**

The purpose of the adequacy requirement is to ensure there are no conflicts of interest between the purported lead plaintiff and the other class members. *Beattie*, 511 F.3d at 562. In regards to Jeffrey Blomgren, the Court is not aware of any potential conflicts of interest or any matters which would preclude him from fulfilling his duties as lead plaintiff.

In addition, Jeffrey Blomgren "must demonstrate that [he] has both the ability and the incentive to represent the class's claims aggressively." *In re Regions Morgan*, 2010 WL 5173851, at *5. Here, the movant has not only filed a motion to be appointed lead counsel, but he has also hired experienced counsel, which indicates his willingness to fairly and competently represent the interests of the class. *See In re Cendant Corp. Litigation*, 264 F.3d 201, 264 (3d Cir. 2001).

### III.    APPOINTMENT OF LEAD COUNSEL

The PSLRA also gives the lead plaintiff the authority to select counsel to represent the class, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Currently, Movant Jeffrey Blomgren has retained the law firm of Glancy Binkow & Goldberg, LLP, and he requests this Court approve his selection of Glancy Binkow & Goldberg, LLP as lead counsel for the Class, with Bramlett Law Offices as liaison counsel, in his motion (Court File No. 23). However, after the parties appeared for a status conference before this Court on Friday, February 4, 2011, it is not clear to the Court whether Movant Jeffrey Blomgren will seek to retain additional counsel. According, Movant Jeffrey Blomgren is hereby **ORDERED to notify the Court within ten (10) days** of entry of this order if he wishes to retain additional counsel, subject to the approval of the Court. Otherwise, the Court approves Movant Jeffrey Blomgren's current selection.

## IV. CONCLUSION

For the foregoing reasons, the Court appoints Movant Jeffrey Blomgren as lead plaintiff in

this consolidated action (Court File No. 23).


**SO ORDERED.**

**ENTER:**



**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**