**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

BILL BURGRAFF, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

GREEN BANKSHARES, INC., *et al.*,

Defendants.

**No. 2:10-CV-00253 [Lead Case]**
**No. 2:11-CV-00014**

# FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated October 16, 2012 (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of June 14, 2012 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the Stipulation and the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class who did not timely file a request for exclusion from the Class by the January 21, 2013 deadline pursuant to the Preliminary Approval Order.

3. The appropriate official of the Federal Reserve Bank of Atlanta has been served with the notice(s) required by 28 U.S.C. § 1715(c)(1) at least ninety (90) days prior to the entry of this Order.

4. The Court certifies this Litigation as a class action for settlement purposes and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court appointed Class Representative, Jeffrey Blomgren, are typical of the claims of the Class he represents; (d) the Class Representative has and will continue to fairly and adequately represent the interests of the Class; (e) the questions

of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation for settlement as a class action on behalf of all persons or entities who purchased or acquired Green Bankshares, Inc. ("GRNB") securities between January 19, 2010 and November 9, 2010, inclusive, and who were damaged thereby. Excluded from the Class are Defendants, the directors of GRNB, at all relevant times, members of their immediate families, any entity in which any Defendant has or had a legal controlling interest, and the legal representatives, heirs, successors, or assigns of any Defendant.[1]

5. The distribution of the Notice and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notices, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the requirements of Due Process, and any other applicable law.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Plaintiffs, the Class

---

[1] Any persons or entities who submitted valid and timely requests for exclusion in accordance with the Notice would have also been excluded from the Class. However, in light of counsel's averments at the Final Fairness Hearing held on March 19, 2013, the Court has determined no timely, valid requests for exclusion were submitted.

and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Plaintiffs, Class Members and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. The Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Plaintiffs and the other Members of the Class, and as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. Upon the Effective Date, the Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

9. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Plaintiffs, each and all of the Class Members, and Plaintiffs' Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation.

10. Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

11. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the

Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Stipulation and/or the Judgment in any other litigation that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement as set forth in the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation. With respect to any future hearing or determination of any investment or distribution of the Settlement Fund to Class Members, the Plan of Allocation, the determination, administration or calculation of claims by claimants and attorneys' fees of Plaintiff's counsel, or the payment or withholding of Taxes of the Settlement Fund, Defendants have no responsibility for, interest in, or liability in connection with such matters and do not have to appear or participate in any hearing for or determination of such separate matters.

13. The Court finds that during the course of the Litigation and after review of the record of this cause, including the Complaint and the dispositive motion, the Parties and their

respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 and particularly with Rule 11(b) of the Federal Rules of Civil Procedure.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

15. The Court hereby **GRANTS** Plaintiffs' Lead Counsel attorneys' fees of twenty-five percent (25%) of the Settlement Fund and expenses in an amount of $ 50,340.39 together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees shall be allocated by Plaintiffs' Lead Counsel among Plaintiffs' counsel in a manner which, in Plaintiffs' Lead Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Litigation. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation and in particular ¶ 6.2 thereof, which terms, conditions, and obligations are incorporated herein.

Because no further matters remain for adjudication, the Clerk of Court is directed to **CLOSE** the cases involved in this consolidated matter.

**SO ORDERED.**

**ENTER:**

**/s/___________________________________**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
s/ Debra C. Poplin
CLERK OF COURT